UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRANCIS D. PALUMBO, : | |
| Plaintiff : | CIVIL ACTION NO. |
| v. : | 3-04-cv-1122 (JCH) |
| : | |
| OFFICER GREGORY GUNTER, et al. : | |
| Defendants. : | OCTOBER 5, 2005 |

**RULING RE: MOTION FOR RECONSIDERATION [DKT. NO. 138]**

The plaintiff has moved this court to reconsider its Ruling dated March 10, 2005 [Dkt. No. 119]. The "Ruling" referred to in this Motion to Reconsider is in fact an Order to Show Cause issued to the plaintiff to show cause why the action should not be dismissed as to various defendants for failure to affect service. The plaintiff responded to this Order to Show Cause on March 30, 2005 [Dkt. No. 122], and again on July 11, 2005 [Dkt. No. 131]. The court ruled on July 29, 2005 that the case should be dismissed as to the persons identified in the Order to Show Cause [Dkt. No. 136]. The court will treat the Motion for Reconsideration as addressing both the Order to Show Cause, as well as the July 29, 2005 Ruling.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin

Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992).  That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

In his motion, the plaintiff does not point to any changes in the law, or to any matters the court overlooked.  He does argue that the court has made a "mistake" as that ground is set forth in Fed.R.Civ.P. 60(b).  The "mistake" this court apparently made was that it relied upon an Order of the District Court of the Southern District of New York (Daniels, J.).  However, nothing in plaintiff's papers support a conclusion that this court was mistaken about what the Southern District of New York did.  Instead, plaintiff appears to argue that what the Southern District of New York did was a mistake.

The plaintiff also argues, as he has in the past, that he dismissed the Southern District of New York action, and thus res judicata or collateral estoppel is not applicable.  However, the dismissal which he attaches is a voluntary motion for dismissal in the Second Circuit Court of Appeals.  While there is not a complete record before the court, the court would deduce that the plaintiff appealed Judge Daniels' Order, and then withdrew or dismissed his appeal, the effect of which is to leave Judge Daniels' Order in place.

The plaintiff also argues that he has discovered new evidence, in the form of evidence that forging a deed is a Class D felony.  However, the plaintiff does not explain why this newly discovered "evidence" has a bearing on the court's earlier Ruling

and Order.

Thus, there is nothing presented by the plaintiff which demonstrates that he has satisfied the basis for reconsideration. Therefore, his Motion for Reconsideration is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of October, 2005.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge